# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAGUAR LAND ROVER LIMITED,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>A-Z WHEELS LLC D/B/A USA RIMS/EUROTECH WHEELS, INFOBAHN INTERNATIONAL, INC. D/B/A INFOBAHN, EUROTECH, EUROTECH LUXURY WHEELS, EUROTECH WHEELS AND USARIM, RYAN MOALEMI, RUSS MOALEMI, AND DOES 1-10,<br><br>　　　　Defendants. | CASE NO: **3:13-CV-00878-BEN-JMA**<br><br>District Judge<br>Hon. Roger T. Benitez<br>Dept. 4B<br><br>Magistrate Judge<br>Hon. Jan M. Adler<br>Dept. A<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Action Filed:　April 11, 2013<br>Trial Date:　　None Set |

Plaintiff, Jaguar Land Rover Limited ("Jaguar Land Rover"), and defendants, A-Z Wheels LLC d/b/a USA Rims/Eurotech Wheels, Infobahn International, Inc. d/b/a Infobahn, Eurotech, Eurotech Luxury Wheels, Eurotech Luxury Wheels, Eurotech Wheels and USARim Ryan Moalemi and Russ Moalemi (collectively, "Defendants"), request that the Court enter the following Protective Order pursuant to Fed. R. Civ. P. 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that may need to be disclosed to adverse parties in connection with this case, and the parties having agreed to the following terms, and the Court having found that good cause exists for issuance of an order setting forth the conditions for obtaining and using confidential information produced in this litigation, hereby orders as follows:

ORDERED that any person subject to this Protective Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order shall adhere to the following terms, upon punishment by contempt:

1.  At the time of producing any documents or things, or providing information in this action (whether in answers to interrogatories, answers to deposition questions, responses to requests for production, or the like), the producing party may designate as confidential all or part of any such documents, things, or information that contain secret or other confidential research, development, commercial, or business information, including information received from a non-party.  The producing party shall designate documents which contain confidential information by prominently marking "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" on each page of the document containing confidential information in a readily visible manner.  Confidential information other than produced documents shall be designated by the appropriate statement on a prominent location thereof, in any reasonable manner.

2. Documents, things, and all information designated as CONFIDENTIAL pursuant to paragraph 1 herein shall not be disclosed, except by the prior written consent of the producing party or pursuant to a further order of the Court, to any person other than:

    (a) the receiving party's outside attorneys of record and such attorneys' employees and vendors.  "Vendors," for purposes of this Stipulation and Protective Order, shall include consultants or services retained by the parties' outside attorneys to prepare audio-visual aids (e.g., exhibits, models, graphics, videos), stenographic or clerical personnel who require access to such materials (e.g., court reporting, translation, or document copying services), and mock juries.  Outside counsel for a receiving party shall ensure that vendors who are provided access to confidential information of a producing party do not include employees of any receiving parties to this litigation, or employees of any direct competitor of a party to this litigation;

    (b) the receiving party's independent experts and consultants retained for the purposes of assisting in this litigation who do not otherwise perform non-litigation related services for the receiving party, not including parties or their employees, subject to paragraph 6 below;

    (c) the Court, jury, or other Court personnel including stenographers covering any deposition, hearing, or trial in this case;

    (d) the receiving party's designated in-house lawyers and their staff, including paralegals and clerical personnel.  (For the purposes of this order, the term "in-house lawyer" means a person who is a member in good standing of the bar of one or more of the states of the United States, who is employed by a party to this lawsuit or a wholly owned subsidiary of a party, and whose role is to provide legal advice to his or her employer; and

  (e) One (1) designed business person for each receiving party and his or her clerical personnel. (For the purposes of this order, the term "designed business person" means a person who is employed by a party to this lawsuit or a wholly owned subsidiary of a party and has been requested by an in-house lawyer to assist in the prosecution or defense of the claims asserted in this litigation. Each designed business person to whom disclosure of information designated as confidential is to be made must be designated and identified in writing to each of the parties in this lawsuit at least fourteen (14) days before he or she may be given access to confidential information.

3. If the producing party believes that any documents, things, or information contains confidential information of a highly sensitive nature, and the producing party has a good faith belief that, notwithstanding the terms of this Protective Order, disclosure of such information to persons described in paragraph 2(e) would cause the receiving party to obtain a business (not legal) advantage over the producing party, such sensitive information shall not be disclosed to persons described in paragraph 2(e) and such information shall be designated "ATTORNEYS' EYES ONLY—SUBJECT TO PROTECTIVE ORDER" (information designated as Confidential together with information designated as Attorneys' Eyes Only, shall hereinafter be collectively referred to as "Protected Information"). The parties agree to keep the number of such designated documents, things, or information to a minimum.

4. Nothing shall be regarded as Protected Information if it is information that either:

  (a) is in the public domain at the time of disclosure, as evidenced by a written document;

  (b) becomes part of the public domain through no fault of the other party, as evidenced by a written document;

    (c) the receiving party can show by a written document that the information was in its rightful and lawful possession prior to the time of disclosure; or

    (d) the receiving party lawfully receives such information at a later date from a third party without restriction as to its disclosure, provided such third party has the right to make the disclosure to the receiving party.

  5. In lieu of marking the original of a document or other materials, if the original is not produced, the producing party may mark the copies that are produced or exchanged.  Originals shall be preserved for inspection.

  6. Protected Information may be disclosed by counsel for a receiving party to the retained experts and consultants described in paragraph 2(b) for consultation in preparation of the party's case, subject to the provisions of this paragraph.  Prior to receiving Protected Information, a retained expert or consultant shall execute an Undertaking in the form of Exhibit A, annexed hereto.  The receiving party must then submit to the producing party the signed Undertaking as well as the retained expert or consultant's curriculum vitae setting forth his or her name, address, qualifications, and relevant work experience.  If the producing party does not, within fourteen (14) days from the date of service of the Undertaking, object in writing, setting forth the specific grounds for the objection, Protected Information may then be disclosed to the retained expert or consultant.  If timely objection is made, the parties shall attempt in good faith to resolve the disclosure issue.  If the issue cannot be resolved, the receiving party shall file a motion or other submission with the Court, as appropriate, seeking permission to disclose the producing party's Protected Information to the retained expert or consultant.  Disclosure of such Protected Information to the retained expert or consultant of the receiving party shall be withheld pending the Court's ruling.

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

7. The subject matter of specifically designated portions of any deposition given by any present or former officer, employee, agent, or consultant of a producing party, and the original and all copies of the transcript of any such deposition, can be considered to be Protected Information, so long as those designations are made by the producing party within thirty (30) days of receipt of the transcript. The designated portions of the transcript will be treated as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS EYES ONLY—SUBJECT TO PROTECTIVE ORDER" as applicable, depending on their designation and shall be marked with the appropriate designation prior to any submission or filing with the Court or Court personnel, subject to the terms this Stipulation and Protective Order. Unless otherwise authorized in writing by a producing party, the entire contents of any deposition transcript of any present or former officer, employees, agent, or consultant of a producing party shall be treated as ATTORNEYS EYES ONLY—SUBJECT TO PROTECTIVE ORDER for a period of thirty (30) days after a full and complete transcript of said deposition has been received by all parties.

16
17
18
19
20
21
22

8. Any confidential documents, things, and information that a party designates as Protected Information and makes available to a receiving party during the course of this litigation may only be used by the receiving party solely for purposes of this litigation (i.e., *Jaguar Land Rover Limited v. A-Z Wheels LLC d/b/a USA Rims/Eurotech Wheels, et al.*, 3:13-cv-00878-BEN-JMA (S.D. Cal.)), including any and all appeals, and any other lawsuits between the parties involving any of JAGUAR LAND ROVER MARKS or the JAGUAR LAND ROVER COPYRIGHTS, as defined in the Complaint.

23
24
25
26

9. It is expressly contemplated and agreed that the terms of this Order are applicable to Protected Information submitted by a non-party and/or produced by a non-party in connection with this litigation and that the parties will treat all such information designated as Protected Information in accordance with the terms of this Order.

27
28

5

10. A receiving party shall not be obligated to challenge the propriety of a designation as Protected Information at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. A receiving party, or a non-party having standing, may contest the designation of any document or information as Protected Information, whether such Protected Information is produced by a party or non-party, at any stage of these proceedings. In the event of a dispute over a designation, counsel for the producing party and counsel for the receiving party shall promptly confer in good faith to resolve any such disagreements. The Court shall determine any unresolved disputes with the producing party having the burden of proving that the document or information meets the criteria for designation as Protected Information. Such documents and information shall continue to be treated as Protected Information pending the Court's decision, and shall thereafter be treated in accordance with any ruling from the Court.

11. Within sixty (60) days after the conclusion of this litigation, including any and all appeals, the receiving party shall destroy (and provide a certificate of destruction to the producing party) or return to the producing party (at the receiving party's option) all documents containing documents or information designated as Protected Information by the producing party, except outside counsel for the parties may keep one copy of any pleadings, motion papers, deposition transcripts, hearing transcripts, trial transcripts, deposition exhibits, and trial exhibits. In-house counsel may not keep any documents or things containing such Protected Information, and shall return documents or things containing such Protected Information to his or her outside counsel for disposition hereunder.

12. Nothing in this Protective Order shall limit any party or person in the use of its own documents, things, or information for any purpose, or from disclosing to any person documents, things, or information lawfully obtained other than through an obligation of confidentiality owed to the producing party hereunder.

13. The parties, their attorneys, and their independent experts and consultants retained for the purposes of assisting in this litigation who execute an Undertaking pursuant to paragraph 6, consent to the jurisdiction of this Court for purposes of the interpretation and enforcement of any provision of this Protective Order.

14. In the event any person or party having possession, custody, or control of any Protected Information of a producing party or nonparty receives a subpoena or other process or order to produce such information, such person or party shall promptly notify the attorneys of record of the producing party, shall promptly furnish those attorneys of record with a copy of said subpoena or other process or order, and shall reasonably cooperate with the producing party or nonparty whose interests may be affected in connection with the producing party's or non-party's efforts to assert that the Protected Information sought by the subpoena or order should be maintained in confidence. The producing party or nonparty asserting the confidential treatment shall have the burden of defending against such subpoena, process, or order. The person or party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the producing party or nonparty asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

15. Counsel shall exert reasonable efforts to identify and designate confidential documents and information before they are produced. In the event that Protected Information is inadvertently produced without the appropriate designation, and the producing party asserts that the documents or information should be redesignated, the receiving party shall take steps to ensure that all known copies of such documents or information are returned within ten (10) days to the producing party to be replaced within ten (10) days by properly designated copies. The cost of designating and marking or returning such documents shall be borne by the producing party.

///

16. In accordance with Fed. R. Evid. 502, the inadvertent production of any document or thing by any party shall be without prejudice to any claim by the producing party that such material is protected by the attorney-client privilege within the meaning of Fed. R. Civ. P. 26, or protected from discovery as work product within the meaning of Fed. R. Civ. P. 26, and no party shall be held to have waived any such rights thereunder by the inadvertent production alone. If, after documents are disclosed, a producing party asserts that such documents are protected by the attorney-client privilege or work product doctrine and were inadvertently produced, the receiving party shall take prompt steps to ensure that all known copies of such documents are returned promptly to the producing party. The cost, if any, for locating and returning such documents shall be borne by the producing party. The receiving party may thereafter contest such claims of privilege or work product as if the materials had not been produced, but in contesting such claim shall not rely on any portion of the document other than the description set forth in the producing party's privilege log as per Fed. R. Civ. P. 26(b)(5) and the receiving party shall not assert that a waiver occurred as a result of the inadvertent production.

17. Any document, transcript, exhibit, object, or other material that was previously designated as Protected Information may be filed with the Clerk of the Court, or other appropriate court personnel, by filing it in the manner prescribed by the Local Rules (including Civ. L.R. 79.2), ECF Administrative Policies and Procedures, Section II.j, the chambers' rules, or other appropriate rules, court orders, or court procedures governing the filing or submission of restricted documents or materials. In particular, a party seeking to file any document under seal must show good cause and move the Court for an order sealing that document, the motion being filed and noticed for hearing prior to the due date of the particular filing.

18. Subject to public policy, and further court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

19. If the Court grants a party permission to file an item under seal, a duplicate disclosing all non-confidential information, if any, shall be filed and made part of the public record. The item may be redacted to eliminate confidential material from the document. The document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously.

20. Nothing in this Protective Order shall prevent a party from using Protected Information at trial or during a hearing. Nor shall anything herein preclude court officials, jurors, translators, or any certified reporter retained to transcribe depositions in this case from access to Protected Information during judicial proceedings or depositions in this litigation. The party using Protected Information, however, must request (i) that the portion of the proceeding where use is made be *in camera* or protected from public disclosure to the maximum extent practicable, and (ii) that the transcript of that portion of the proceeding be maintained under seal, with access thereto limited to persons entitled to access under this Protective Order.

21. A witness at a deposition or trial may be shown any document that contains or reveals Protected Information provided the document was authored by, received by, or known to the witness, or provided that the producing party consents to such disclosure. In addition, a witness may be shown any document that contains or reveals Protected Information if the witness is a current officer, director, or employee of the producing party. Any person may attend depositions to the extent allowed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or by agreement of the parties. However, to the extent a person is not entitled to access Protected Information, that person must leave the room before its discussion, unless the parties agree otherwise.

22. A document that contains or reveals Protected Information may be shown to any person indicated in such document to be its originator or author or the recipient of a copy.

9

23. This Order shall not bar outside counsel herein, in the course of rendering advice to their client(s) with respect to this litigation, from conveying to any party client their evaluation in a general way of Protected Information produced or exchanged herein, provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose any specific content or any Protected Information produced by another producing party herein if that disclosure would be contrary to the terms of this Order, in particular the terms of paragraphs 2 and 3 above.

24. Any person in possession of Protected Information shall exercise reasonably appropriate care with regard to the storage, custody, or use of such Protected Information in order to ensure that the confidential nature of the same is maintained.

25. This Protective Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the agreement of the parties, nor the designation of any information, document, or the like as Protected Information, nor the failure to make such designation, shall constitute evidence with respect to any issue in this or any other proceeding, litigation, arbitration, or dispute resolution action.

26. Nothing in this Protective Order shall prejudice the right of any party, or any third party, to seek relief from the Court, upon good cause shown, from any of the restrictions provided above, or to impose additional restrictions on the disclosure of any information or material.

27. *Upon termination of this action the parties may move the Court and request (t)*his Court ~~shall~~ retain jurisdiction over the parties, persons signing Undertakings, and this Protective Order for the purposes of compliance with an enforcement of its terms *for a limited defined period of time* ~~and the final termination of this action shall not terminate this Protective Order or its terms~~.

| | |
|---|---|
| 1 | IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD. |
| 2 | Dated:  September 27, 2013              Respectfully submitted, |

By:   *s/ Bryan M. McGarry*
John S. Baker
Bryan M. McGarry
**DORSEY & WHITNEY LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626

Robert M. Wasnofski, Jr.
*(Pro Hac Vice)*
Fara S. Sunderji
*(Pro Hac Vice)*
**DORSEY & WHITNEY LLP**
51 West 52nd Street
New York, New York 10019

Attorneys for Plaintiff
Jaguar Land Rover Limited

Dated:  September 27, 2013              Respectfully submitted,

By:   *s/ David R. Griffin*
David R. Griffin
**Law Office of David R. Griffin**
501 West Broadway, Suite 800
San Diego, CA  92101

Attorney for Defendants
A-Z Wheels, LLC and Russ Moalemi

Dated:  September 27, 2013              Respectfully submitted,

By:   *s/ John Y. Tremblatt*
John Y. Tremblatt
**Law Offices of John Y. Tremblatt**
3233 Third Avenue
San Diego, CA  92103

Attorney for Defendants
Infobahn International, Inc., Eurotech, and
Ryan Moalemi

1  PURSUANT TO STIPULATION, IT IS SO ORDERED.

3  DATED: September 30, 2013         _____
                                     Hon. Jan M. Adler
                                     United States District Court
                                     For the Southern District of California

# EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

### UNDERTAKING

The undersigned hereby acknowledges that he or she has read the Protective Order entered in the United States District Court for the Southern District of California on _____, 2013, in the action titled *Jaguar Land Rover Limited v. A-Z Wheels LLC d/b/a USA Rims/Eurotech Wheels, et al.*, 3:13-cv-00878-BEN-JMA (S.D. Cal.), that he or she understands the terms thereof, that he or she agrees to submit to the jurisdiction of the Court for the purposes of the Protective Order, and that he or she agrees to be bound by the terms of the Protective Order.

The undersigned hereby agrees that he or she will not provide non-litigation related services to any party to this litigation for a period of three years from the final disposition of this litigation including any and all appeals.

Dated: _____        By:_____

_____
Printed Name